IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:19cr00047 |
| | ) | **ORDER** |
| NANCY DEGOLLADO, et al., | ) | |
|     Defendants | ) | |

This matter came before the undersigned on the Request For Production Of Documents, (Docket Item No. 90); Motion For Exculpatory Information, (Docket Item No. 91), ("Motions"); and Motion For The Immediate Production Of All Jencks Act Material And Evidence Of Other Crimes, (Docket Item No. 92), ("Motion for Jencks Act Materials"), filed on behalf of the defendant, Nancy April Elizabeth Kestner. Upon consideration of the Motions and the Motion for Jencks Act Materials, it is **ORDERED** as follows:

1. The Motions will be considered a request by the defendant for disclosures pursuant to Federal Rule of Criminal Procedure 16(a). The United States Attorney's Office shall confer with defense counsel and arrange a date by no later than January 6, 2019, on which defense counsel may inspect and copy the materials described in Fed. R. Crim. P. 16(a)(1). Note should be taken of the defendant's disclosure obligations under Fed. R. Crim. P. 16(b), and such disclosures should be made by no later than January 13, 2019;

2. Defense counsel may make an electronic copy of any materials provided by the Government to be given to the appropriate person at the facility holding the defendant for use to allow the defendant to view these materials while supervised in a secure location (i.e., warden's office or counselor's office). These materials may not be given directly to the defendant, may not be downloaded in any form or printed by the defendant. The defendant is advised that violation of this Order may result, in addition to other potential penalties, in the defendant being required to show cause why the defendant should not be held in contempt of court. Defense counsel must retrieve the electronic copy of these materials at the conclusion of the case and delete or destroy the electronic copy of these materials.

3. The Motion For The Immediate Production Of All Jencks Act Material is **DENIED**.

4. To the extent that the defendant seeks disclosure of material described in *Brady v. Maryland*, 373 U.S. 83 (1963), and related cases, including *United States v. Giglio,* 405 U.S. 150 (1972) (impeachment evidence), the government's obligations to produce these materials in a timely manner exist regardless of any specific direction by the court, *see United States v. Holmes*, 722 F.2d 37, 41 (4th Cir. 1983); and

5. Otherwise than as set forth herein, the Motions are **DENIED**.

ENTER: November 15, 2019.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

-2-

Case 1:19-cr-00047-JPJ-PMS   Document 136   Filed 11/15/19   Page 2 of 2   Pageid#: 195